UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62802-CIV-ALTMAN/Hunt

JOHN A. MATTERA and
RHINO ISLAND CAPITAL,

       Plaintiffs,

v.

ULTIMATE MOTORS, INC. and
MICHAEL GORDON,

       Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court upon the screening provisions of 28 U.S.C. § 1915(e)(2).[1] On November 16, 2018, *pro se* Plaintiff John A. Mattera ("Plaintiff") filed a Complaint against the Defendants, Ultimate Motors, Inc. and Michael Gordon [ECF No. 1]. On January 30, 2019, the Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") [ECF No. 5]. Even construing the Plaintiff's pleading liberally, the Court does not find a basis for federal question jurisdiction.[2] The Plaintiff has merely alleged a contractual dispute with a private party—a dispute that appears to be entirely ancillary to the disposition of his criminal case.[3]

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard*

---

[1] The Plaintiff has not paid the required filing fee, and therefore the screening provisions of 28 U.S.C. § 1915(e) apply. Under that statute, courts "shall dismiss" a suit "any time [] the court determines that . . . (B) the action or appeal: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2) (alterations added).

[2] Federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[3] The Complaint also does not invoke the Court's diversity jurisdiction, 28 U.S.C. § 1332—which makes sense because at least one Plaintiff and one Defendant are residents of the State of Florida.

*Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Although the Court must liberally construe *pro se* pleadings, "*pro se* litigants are nonetheless required to conform their pleadings to procedural rules." *Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citation omitted). To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction []; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a) (alteration added). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings must present "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

The Plaintiff purports to state four separate causes of action: 1) "Violation of Asset Freeze and Florida UCC Regulations"; 2) "Breach of Contract/Fraud"; 3) "Conversion/Civil Theft in Violation of Florida Statute 772.11"; and 4) "Unjust Enrichment." *See generally* Pl. Compl. The Plaintiff makes no attempt to state a cause of action that might trigger federal question jurisdiction. Only in passing, in Count I, does the Plaintiff even reference a federal statute—18 U.S.C. § 402, a federal criminal contempt statute that does not create a private right of action. Pl. Compl. ¶ 22.

The Plaintiff, a private citizen, may not enforce the federal criminal code. In any event, 18 U.S.C. § 402 does not provide a private right of action for violations of its terms. *Johnson v. Champions*, 990 F. Supp. 2d 1226, 1245 (S.D. Ala. 2014) ("Absent some expression of

Congressional intent to create a private right of action, a plaintiff cannot maintain a civil claim against a defendant for violation of a federal criminal statute."); *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 283-84 (2002) ("The question of whether Congress intended to create a private right of action is definitively answered in the negative where a statute by its terms grants no private rights to any identifiable class.") (citations omitted); *Love v. Delta Air Lines*, 310 F.3d 1347, 1352-53 (11th Cir. 2002) (indicating that criminal statutes generally do not provide a private cause of action). The Plaintiff cannot state a claim for relief under 18 U.S.C. § 402, and the Court does not otherwise have jurisdiction to entertain the Plaintiff's claims. Accordingly,

The Court hereby **ORDERS** that the Complaint [ECF No. 1] be **DISMISSED without prejudice**. The Clerk is instructed to mark the case as **CLOSED**, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 6th day of May 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record;
       John A. Mattera, *pro se*